UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DJEFFNY MARC,

Petitioner,

v. Case No.: 2:26-cv-02701-SPC-NPM

MARKWAYNE MULLIN *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Djeffny Marc's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 4), and Marc's reply (Doc. 5).

Marc is a native and citizen of Haiti who lawfully entered the United States in 2023 under the Haitian Humanitarian Parole program. U.S. Customs and Border Protection (CBP) admitted him through October 22, 2025. He has a pending asylum application and no criminal record. On September 17, 2026, Florida Highway Patrol arrested Marc because of his immigration status and handed him over to Immigration and Customs Enforcement (ICE). He remains detained at Glades County Detention Center.

Marc claims his detention without a bond hearing violates the Fifth Amendment and the Immigration and Nationality Act. In response, the government confirms it will not afford Marc a bond hearing because it considers him an "arriving alien" subject to mandatory detention under 8

U.S.C. § 1225(b)(2)(A). As the government acknowledges, its position is contrary to binding Eleventh Circuit precedence. In *Hernandez Alvarez*, the Eleventh Circuit held, "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior. By interpreting § 1225 to stretch far beyond the border and ports of entry, the Government vitiates this longstanding distinction." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026).

The Court turns to the merits of Marc's habeas claim. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable

value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Marc's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). It is the government's position that Marc is subject to mandatory detention despite the absence of any special justification simply because it classifies him as an "arriving alien" (contrary to the plain meaning of the term and the law of this circuit). Without some consideration of the facts, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Marc's continued detention. Immigration detention has two statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to

prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Marc's detention serves neither purpose. He has done everything right. He lawfully entered the country with the government's express authorization and timely applied for asylum. With his asylum application pending, he has a plausible pathway to lawful residence. The government provides no reason to believe Marc would abandon that opportunity by ceasing his participation in immigration proceedings. The record is devoid of any evidence suggesting Marc is a flight risk. Nor is there evidence he is a danger to the community. He has no criminal history whatsoever.

For these reasons, the Court finds that the government violated Marc's Fifth Amendment rights by detaining him without due process.

Accordingly, it is hereby

**ORDERED**:

Djeffny Marc's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Marc and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record